# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:16-CV-50Erie |
| v. | ) ) | |
| **THOMAS J. PARILLA, et al.,** | ) | District Judge Baxter |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action was filed in this Court on February 29, 2016. The complaint, filed by the Securities and Exchange Commission, alleges, among other things, that Defendant Parilla and Defendant Fortitude Group, Inc. violated sections of the Securities Exchange Act of 1934, and seeks civil monetary penalties and injunctive relief against Defendant Parilla.

Presently pending before this Court are two motions: Mr. Parilla's pro se motion to dismiss [ECF No. 40] and the government's motion for default judgment [ECF No. 42]. Both motions will be denied.

The Government's motion for default judgment will be dismissed as there is no longer a Clerk's entry of default as it was lifted by order of the court. See ECF No. 39 (lifting Clerk's entry of default). Without an entry of default – and one cannot be entered now as Mr. Parilla has filed a motion to dismiss – the Court cannot entertain a motion for default judgment. Fed.R.Civ.P. 55. Additionally, a motion for default judgment must include the specific relief sought by any judgment entered. If damages are involved, they must be specified by dollar amount and sufficiently supported by factual submission or operation of law. Similarly, with non-monetary relief, a proposed order must specify in detail the equitable relief sought, which

relief also must be supported by submissions and operation of law. Here, the government failed to provide a proposed order outlining the specific relief sought in its motion for default judgment. See Local Rule 7(D).

As to Mr. Parilla's motion to dismiss, it fails to comply with Federal Rule of Civil Procedure 12, which allows a responding party to assert any of the following fatal flaws in the complaint against it: lack of subject matter or personal jurisdiction, improper venue, insufficient process or service of process, failure to state a claim upon which relief can be granted, or failure to join a necessary party. In Mr. Parilla's pro se motion to dismiss, he argues that the SEC targeted the wrong person in its investigation and that his constitutional right to counsel under the Sixth Amendment has been violated by the SEC. As to the first argument, Mr. Parilla is defending the charges against him as he would at trial by making factual arguments about the strength of the government's claims. Instead, under Fed.R.Civ.P. 12(b)(6), he must demonstrate the claims are not cognizable under the law, not whether they will be successful as against him.

A complaint will only be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The Third Circuit has explained that

> To determine the sufficiency of a complaint under Twombly [and Iqbal], we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

2

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). Mr. Parilla does not agree with the well-pleaded facts of the complaint, but he has not alleged that if proven to be true, they would not state a claim against him. Therefore, his motion fails.

As to Mr. Parilla's claim that his right to have counsel represent him was violated in a deposition prior to this case being filed, this Court has no jurisdiction over the issue. This is a **civil** matter and the jurisdiction of this Court extends only to the matter before it. The Sixth Amendment right to counsel only attaches in **criminal** matters when the accused's liberty is at stake. See U.S. v. Gouveia, 467 U.S. 180, 187 (1984) ("The Sixth Amendment guarantees that 'in all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence.'"); Gideon v. Wainwright, 372 U.S. 335 (1963).[1] Accordingly, his motion to dismiss shall be denied.

AND NOW, this 16th day of July, 2019;

IT IS HEREBY ORDERED that the motion to dismiss [ECF No. 40] and the motion for default judgment [ECF No. 42] are denied.

IT IS FURTHER ORDERED that Mr. Parilla must file an Answer to the Complaint by July 31, 2019.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

---

[1] It must also be noted that this Court attempted to find counsel willing to represent Mr. Parilla in this civil matter on a pro bono basis. However, after several attorneys from the Court's pro bono program passed on taking the case, the Court determined that it must proceed with Mr. Parilla representing himself.