UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

CASE NO.: 1:16-CV-00050-SPB

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

THOMAS J. PARILLA,

        Defendant.
_____/

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT THOMAS J. PARILLA

The Securities and Exchange Commission having filed a Complaint, and Defendant Thomas J. Parilla having: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction ("Judgment") without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction and except as otherwise provided in Section 11); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.**

## SECTION 10(b) AND RULE 10b-5(b) OF THE EXCHANGE ACT

**IT IS ORDERED AND ADJUDGED** that Parilla is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) and Rule 10b-5(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. §§ 240.10b-5(b), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of

any national securities exchange, in connection with the purchase or sale of any securityto make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Parilla's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Parilla or with anyone described in section (a) of this paragraph.

## II.

## OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, upon motion of the Commission, the Court shall determine the length of time Parilla will be barred pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Parilla's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Parilla or with anyone described in (a).

### III.

### PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that upon motion of the Commission, the Court shall determine the length of time Parilla will be barred from participating in any future participation in the offering of any penny stock, as defined by Section 3(a)(51)(A) of the Exchange Act, 15 U.S.C. § 78c(A)(51)(A) and Rule 3a51-1 thereunder, 17 C.F.R. § 240.3a51-1, including engaging in activities with a broker-dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, pursuant to Section 21(d)(6) of the Exchange Act 15 U.S.C. § 78u(d)(6).

### IV.

### CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** upon motion of the Commission, the Court shall determine the amount of the civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

In connection with the Commission's motion to determine the length of the penny stock and officer and director bars and the amount of the civil penalty, and at any hearing held on such a motion: (a) Parilla will be precluded from arguing he did not violate the federal securities laws as alleged in the Complaint; (b) Parilla may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

V.

**INCORPORATION OF CONSENT**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated with the same force and effect as if fully set forth herein, and that Parilla shall comply with all of the undertakings and agreements set forth therein.

VI.

**BANKRUPTCY NONDISCHARGEABILITY**

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Parilla, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Parilla under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Parilla of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VII.

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and over Parilla for the purposes of enforcing the terms of this Judgment.

**DONE AND ORDERED** this \_\_\_\_ day of _____, 2019, in Erie, Pennsylvania.

_____
SUSAN PARADISE BAXTER
**UNITED STATES DISTRICT JUDGE**