IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    Plaintiff,<br><br>    v.<br><br>THOMAS PARILLA, et al,<br>    Defendants. | Civil Action No. 1:16-CV-50 |

### FINAL ORDER AS TO DEFENDANT THOMAS PARILLA

The Securities and Exchange Commission having filed a Complaint, and Defendant Thomas Parilla having: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of a Judgment of Permanent Injunction ("Judgment") [ECF No. 35] without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction and except as otherwise provided in Section 11); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment.

THIS MATTER was also before the Court on Plaintiff's motion seeking to set civil penalties and a permanent penny stock bar and officer and director bar against Defendant Thomas Parilla. ECF No. 53; ECF No. 54. The Court has fully considered the motion, the record, and being fully advised in the premises. This Final judgment supersedes that previous Judgment and hereby incorporates all of the terms therein.

I. <u>**SECTION 10(b) AND RULE 10b-5(b) OF THE EXCHANGE ACT**</u>

IT IS ORDERED AND ADJUDGED that Thomas Parilla is restrained and enjoined from

1

violating, directly or indirectly, Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED AND ADJUDGED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Parilla's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Parilla or with anyone described in section (a) of this paragraph.

## II. OFFICER AND DIRECTOR BAR

IT IS FURTHER ORDERED AND ADJUDGED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), for a period of ten (10) years from today's date, Parilla is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## III. PENNY STOCK BAR

IT IS FURTHER ORDERED AND ADJUDGED that, for a period of ten (10) years from today's date, Parilla is barred from participating in any offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity

2

security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

### IV. CIVIL PENALTY

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Parilla shall pay a civil penalty in the amount of $10,000.00 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Parilla shall make this payment within thirty (30) days.

Parilla may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Parilla may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court, Parilla as a Defendant in this action, and specify that payment is made pursuant to this Final Judgment.

Parilla shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Parilla relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Parilla. The Commission shall send the funds paid pursuant to this

3

Final Judgment to the United States Treasury. Parilla shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V. BANKRUPTCY NONDISCHARGEABILITY

IT IS FURTHER ORDERED AND ADJUDGED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Parilla, and further, any debt for disgorgement, prejudgment interest, civil penalties or other amounts due by Parilla under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceedings, is a debt for the violation of Parilla of the federal securities law or any regulation or order issued under such laws, as set forth in Section 523 (a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VI. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED this 31st day of January 2020.

s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

4